GWIN *et al., Appellants,* v. SMURR *et al.*

1. **Specific Performance : MARRIED WOMAN.** Specific performance of a contract for sale of land not her separate estate cannot be enforced against a married woman.

2. ———— : **HUSBAND'S INTEREST IN WIFE'S LAND.** Nor can a decree, therefore, be rendered against her husband as to his interest in the land, although he was a party to the contract to convey.

3.  ——— : EQUITABLE LIEN.  Nor in such suit would there be an equi-
table lien in favor of the plaintiffs for money paid on the contract
by them to the husband, it not appearing he was the wife's agent.

4.  Action for Money Had and Received.  Such cash payment
might, however, be recovered in an action for money had and
received.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL,
Judge.

AFFIRMED.

*E. A. Andrews* for appellants.

*W. H. Chiles* for respondents.

(1)  The land in controversy was not the separate
property of Mrs. Adeline Smurr, and her contract with
Gwin and Daugherty, being merely an executory one,
was and is utterly void and cannot be enforced.  *Huff
v. Price*, 50 Mo. 264 ; *Shroyer v. Nickell*, 55 Mo. 264 ;
*Hall v. Callahan*, 66 Mo. 316 ; *Wilcox v. Todd*, 64 Mo.
388 ; *Atkinson v. Henry*, 80 Mo. 151 ; *Alexander v.
Lydick*, 80 Mo. 341 ; *Mueller v. Kaessmann*, 84 Mo. 318.
(2)  The contract with Gwin and Daugherty, which
provided that, if any payment should not be made
according to its terms, the contract should be avoided
and the payments already made should be forfeited as
damages, and that in construing the contract time
should be an essential, is such a one as will be held to
its terms by the courts, although forfeitures are not
favored.    If parties make such contracts they must
take the consequences, and there is not a particle of evi-
dence that the failure to make the payment of December
16 was brought about by Mrs. Smurr.    *Estel v. Rail-
road*, 56 Mo. 282 ; *Orr v. Zimmerman*, 63 Mo. 72.
(3)  There is not a particle of evidence of any fraud
in this case.

SHERWOOD, J.—Plaintiffs ask for the specific performance of an alleged contract for the conveyance of land held by the wife in fee ; for the cancellation of a deed of the same land subsequently made to other parties ; for fifty thousand dollars' damages against John Smurr, the husband, for failure to perform the agreement, and for all other relief, etc.

I.  The title of the wife was under the married woman's act ( Revised Statutes, 1879, sec. 3295 ), having been derived after 1866, and there being no words employed either in her father's will, or in the decree of partition, which created in her an equitable separate estate.

In consequence of which, her executory contract to convey the land, though executed and acknowledged jointly with her husband, was wholly worthless ; as a court of equity would not compel specific performance of such an instrument. *State v. Clay*, 100 Mo. 571. The only way the land of the wife held by the tenure of the act aforesaid can be charged, affected or conveyed is by the joint deed of the husband and wife. *Craig v. Van Bebber*, 100 Mo. 584, and cas. cit.  The court did right, therefore, in dismissing the petition when the above facts appeared in evidence ; because in contemplation of law there was *no contract* in existence on which to base a decree for specific performance.

But it seems to be thought that a decree should have gone against the *husband* " *as to his* right, title and interest in the land." He had *no separable* interest in the land, as shown by all decisions based upon the statute in question.  Nor was there any equitable lien on the land for the five hundred dollars paid the husband.  He was not her agent, nor could his acts bind her.  *Wilcox v. Todd*, 64 Mo. 388 ; *Hall v. Callahan*, 66 Mo. 316 ; *Mueller v. Kaessmann*, 84 Mo. 318, and cas. cit.

It is claimed, however, in this court, though the point was not made in the court below, even in the motion for a new trial, that at any rate the plaintiffs ought to have been permitted to recover the five hundred dollars just mentioned. Possibly this might have been done had it been insisted on in the lower court; but it is too late to raise that theory of the case in this court for the first time.

Plaintiffs have, however, an undoubted right to recover this money in an action for money had and received, inasmuch as any supposed forfeiture of that sum, under the so-called contract, by failure to pay the second installment when due, fell with it, and because of, the invalidity of the instrument in which it was contained. We mention this last point in order that the plaintiffs may take such steps as they may be advised.

These views result in affirming the judgment, and so it is ordered. All concur.