Baker v. Clay.

BAKER v. CLAY *et al., Appellants.*

1. **Deed: DESCRIPTION: NOTICE.** A deed of trust upon a tract of land accurately describing it, which includes a tract previously set apart by the grantor for a town by a plat duly executed and recorded, will convey title to such lots in the town as remained unsold at the time of the execution of the deed, as against subsequent purchasers for value without actual notice.

2. ——— : ———. The fact that a grantor has not title to all the land which his deed purports to convey will not of itself invalidate the description, as notice to subsequent purchasers. The deed will convey such title as the grantor actually has to the whole tract described.

3. ——— : ———. Inaccuracy in a deed in the call for quantity is unimportant where the description is otherwise sufficient to furnish the means to readily identify the property.

*Appeal from Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

THIS action is in ejectment. The conflicting titles to the land in dispute run back to Henry B. Baker as the common source.

Plaintiff claims under a deed of trust of March 24, 1873, by Henry B. Baker, to the trustees of the St. Joseph Building Association in which the land conveyed is thus described, viz.: "The west half of the northwest quarter of section 36; the west half of the southwest quarter of section 36; the east half of the southeast quarter of section 35, except forty acres off the south side of the two last-named tracts; also except two acres deeded to J. S. Baker on the west side of the town of Grayson, all in township 55, of range 33, containing in the aggregate one hundred and fifty-eight acres upon which this deed of trust was given."

This deed was duly acknowledged and recorded the day of its date. It was given to secure a note of fifteen hundred dollars. Plaintiff derives title regularly from a sale made thereunder after default of payment of the note.

Defendant's title depends on a sale on executions against Henry B. Baker, under judgments rendered December 6, 1873.

It appeared in evidence that before making the deed of trust Henry B. Baker (in 1871) laid out and platted the town of Grayson, and duly acknowledged and filed the plat of record. It included forty acres near the center of sections 35 and 36 in township 55, range 33 (described by metes and bounds), and was in usual form, dedicating the streets and alleys indicated thereon to public use. The trial court found for plaintiff, and entered judgment for the land and nominal damages. Defendant appealed. The other facts appear in the opinion.

*Thos. E. Turney* for appellants.

( 1 ) A purchaser at a sheriff's sale is a purchaser within the meaning of the recording acts. *Maupin v. Emmons*, 47 Mo. 306, and cases cited. ( 2 ) Where land is conveyed by an erroneous description thereof, and is afterwards sold on execution under a proper description as the land of the grantor, the party acquiring title at the sheriff's sale will be protected and treated as an innocent purchaser, if he had no actual notice of the first conveyance. *Halloway v. Platner*, 89 Am. Dec. 517 ; *Chamberlain v. Bell*, 68 Am. Dec. 260; *Cass County v. Oldham*, 75 Mo. 50 ; *Gatewood v. House*, 65 Mo. 663 ; *Lally v. Holland*, 1 Swan. ( Tenn.) 396. ( 3 ) When the plat was filed and recorded the land changed its character, and could only be correctly described by lots and blocks. A description "appropriate to its original state * * * was no description at all of the existing lots," after the filing and record of the plat. *Henry v. Mitchell*, 32 Mo. 512–519 ; *Evans v. Ashley*, 8 Mo. 185. A sale of the land under execution by its original description, there being no evidence identifying the land other than that afforded by the record, would be void. Authorities, *supra*. ( 4 ) "The obligation of giving the notice rests on the party holding the title. If he fails in his duty he must suffer the consequences. If his duty is but imperfectly performed he cannot claim all the advantages, and lay the fault at the door of an innocent purchaser." *Terrell v. Andrew County*, 44 Mo. 312 ; *Peters v. Ham*, 62 Iowa, 656. In this case the fault is participated in by both the grantor and grantee in the deed of trust, and was known to the purchaser at the trustee's sale. "The evident design of the registration act was by establishing a notice equally accessible to all, to protect subsequent, *bona fide* purchases. The doctrine of constructive notice, under registration laws, has always been regarded as a harsh necessity, and the

statutes which create it have always been subjected to the most rigid construction." *Chamberlain v. Bell*, 68 Am. Dec. 260; *Foster v. Brashears*, 55 Mo. 22.

*James M. Riley, Roland Hughes* and *Thos. J. Porter* for respondent.

(1) The deed of trust from Henry B. Baker and wife to William E. Hosea and Finnis S. McLean, trustees for the St. Joseph Building Association, contained a correct, pertinent and apt description of the premises sued for; the description being by the legal subdivisions of the government surveys, and was sufficient to convey the title. *Rector v. Hartt*, 8 Mo. 448; *Lisa v. Lindell*, 21 Mo. 127; *Cornwell v. Thurston*, 59 Mo. 156; *Brown v. Walker*, 11 Mo. App. 226; *Orr v. How*, 55 Mo. 328; *Tethrow v. Anderson*, 63 Mo. 96; *Hammond v. Johnson*, 93 Mo. 214. (2) The conveyance by the trustees to Isaac Baker, under the power in the trust deed, conveyed the land sued for to Isaac Baker. The record of the deed of trust was notice to defendants of the title of trustees, under deed of trust. *Tydings v. Pitcher*, 82 Mo. 379; *Gatewood v. House*, 65 Mo. 663; *Digman v. McCullum*, 47 Mo. 372.

BARCLAY, J.—It is conceded that plaintiff's title must prevail if the description in the deed of trust is good and sufficient in the circumstances to impart notice to subsequent innocent purchasers.

No question is made as to its proper acknowledgment or timely record. The attack upon it goes on the theory that the subject-matter of the conveyance is insufficiently described.

The form of the description follows the well-known subdivisions of the congressional surveys mentioned. Some two hundred and forty superficial acres are embraced within it. The grantor had previously set apart a portion (amounting to forty acres) of the land as the town of Grayson by a duly recorded plat. He

had conveyed a number of town lots and the "right of way" (one hundred feet wide) for a steam railroad through the town, by deeds duly recorded. Now defendants assert that in this state of facts the description in the deed of trust cannot be taken to pass title to the unsold town lots as against a subsequent purchaser of the latter having no actual notice of it.

It is not suggested that the description is vague or indefinite on its face; but the claim appears to be that it is necessarily uncertain and indefinite in its operation and effect and hence void as to defendants.

In this connection defendant's counsel in his brief declares: "That an expert by a careful examination of every subsequent conveyance made by Baker, and a comparison of each conveyance with the town plat. might have discovered that the square piece of land, platted as the town of Grayson, was included in the two hundred and forty acres of land described by legal subdivisions, in the deed made by Baker on the twenty-fourth day of March, 1873, is not denied."

The fact that Henry B. Baker did not have title to all the land, which the deed of trust purported to convey, would not of itself invalidate the description, as notice to subsequent purchasers. The deed would transfer such title as he actually had to the whole tract. It would merely be inoperative, by reason of the fact mentioned, to convey such parts of the land as he did not own. This would not be because of any defect in the description itself but on account of defects in the grantor's title to the land described.

On this branch of the case we entirely agree with the views expressed in the lucid opinion delivered by Judge SANDUSKY at the trial. "A person desiring to purchase the lots in controversy would find from the records, without extrinsic aid, that Henry B. Baker platted a certain forty acres of land, described by metes and bounds, as the town of Grayson; that he then sold certain lots, and thereafter executed a deed of trust

upon a tract of land, accurately described, which included the forty acres platted, and which, as between the parties, conveyed all the lots in the town of Grayson not so sold. Thus the record alone, by conveyances and a plat, each definite and perfect in itself, determines and identifies the lots incumbered by the deed of trust. The deed being good between the parties, the fact that you are compelled by indirection to arrive at the lots actually conveyed and incumbered is not a valid objection as long as the record itself by conveyances, perfect and definite in themselves, ascertains and determines the lots conveyed."

We may add that any inaccuracy there may be in the call for quantity is unimportant, since the description is, as we regard it, otherwise sufficient to furnish the means to readily identify the property. It is an accepted rule of construction that metes and bounds in a description control a call therein for acreage. *Campbell v. Johnson*, 44 Mo. 247; *Ware v. Johnson*, 66 Mo. 662. Indeed, in the present case the inconsistency between the amount of acres said to be conveyed and the more particular description of the tract is rather informative of the actual effect of the conveyance (which was to transfer a valid title to less than the entire tract described) than a defect in it.

The decision of the leading point of controversy, as above indicated, renders it unnecessary to consider some of the other questions discussed by counsel, and leads to an affirmance of the judgment; all the judges concurring.