JOHN A. GWIN *et al.*, Respondents, v. JOHN M. SMUR, Appellant.

Kansas City Court of Appeals, April 25, 1892.

1. **Contracts:** MONEY PAID ON VOID CONTRACT, RECOVERED. The contract of the husband and wife to sell the real estate of the latter held by the general title is worthless and binds neither party thereto, and is no consideration for money paid thereon, nor for the obligation of forfeiture therein, and said money so paid can be recovered, and no stipulation of such contract can defeat such recovery.

2. ———: ———: SPECIFIC PERFORMANCE: RES ADJUDICATA. An action
for money had and received against a husband to recover money paid
on the void contract of himself and wife to sell her general realty
will not be barred by a former action for specific performance of the
same contract.

*Appeal from the Jackson Circuit Court.*—HON. R. H.
FIELD, Judge.

AFFIRMED.

*C. S. Crysler* and *Jas. H. Harkless,* for appellant.

(1) Plaintiffs' contention that they were not bound
by the terms of the contract, because Mrs. Smur was a
married woman, is no excuse. It is for the party rest-
ing under the disabilities, if any, to take advantage of
it, and not for the other party to raise it for us in order
to escape the effect of its terms, and this is particularly
true when the party bound does not show, or attempt
to show, or even allege any offer of compliance, upon
their part, with the contract. This contract was
especially good as to John M. Smur. *Weeden v.
Maxwell,* 63 Mo. 486; *Lobaugh v. Thompson,* 74 Mo.
600; *Alexander v. Lydick,* 80 Mo. 341; *Houx v. Sharp,*
18 Mo. App. 45. (2) The contract read in evidence
contained a stipulation, the $500 paid thereunder, and
ought to be recovered in this action, was to be forfeited
for the non-performance of any or either of several dis-
tinct acts, which the plaintiffs had agreed therein to
perform. And plaintiff's failure and refusal to perform
either or any of the conditions of the contract fixed
the said sum as damages due to defendant, and, in the
absence of any reason alleged in their pleading or
shown by their proof, is binding, and cannot be
recovered in this form of action. *Staples v. Parker,* 41
Barb. (N. Y.) 652; *Hamilton v. Overton,* 38 Am. Dec.
138, and notes. (3) The former case of *Gwin v. Smur*

finally decided in 101 Mo. 550, and referred to on page 17 of the abstract is a bar and conclusive, and finally and fully adjudicates all matters between the parties to this action, growing out of said contract. *Railroad v. Trauber,* 59 Mo. 355; *Mason v. Summers,* 24 Mo. App. 174.

*Moulton & Callahan* and *G. T. Purcell,* for respondents.

(1) The judgment was for the right party, and for this reason it should not be disturbed. *Nelson v. Foster,* 66 Mo. 381. (2) There is no merit in the plea of former adjudication. The subject-matter of the two suits was not the same. No judgment was recovered by these respondents, and different parties. Under such facts, it would not constitute a bar to this action. The case cited by appellants, from 59 Mo. 355, is decisive on this point against them. See page 362. (3) The substantial rights of appellants were in no way affected by the pleadings. In law and morals they should refund this money; and the judgment is for the right party. *Miller v. Railroad,* 105 Mo. 467; *Mississippi v. Ring,* 58 Mo. 491; *Heidecker v. Ganzhorn,* 50 Mo. 154; *Jackson v. Magruder,* 51 Mo. 55; *Fell v. Mining Co.,* 23 Mo. App. 216.

GILL, J.—In December, 1886, Gwin and Dougherty made what purported to be a contract with the defendant Smur and his wife for the purchase of certain real estate which was owned by Mrs. Smur as her general property. Gwin and Dougherty paid on the contract the sum of $500. Subsequently, Gwin and Dougherty brought suit against Smur and wife asking specific performance of the contract. But the circuit court decided the case for the defendant Smur, and dismissed the bill and principally on the ground that, as the real estate

covered by the so-called contract was not the equitable separate estate of the wife, the contract was void and non-enforceable. This judgment was afterwards affirmed by the supreme court. *Gwin v. Smur*, 101 Mo. 550.

In the supreme court, the plaintiffs, Gwin and Dougherty, made the point, that at all events the court should award them a return of the $500 which they had paid Smur on said void contract, but such claim was held outside the bounds of that suit; but Judge SHERWOOD, speaking for the court, used this language: "Plaintiffs have, however, an undoubted right to recover this money in an action for money had and received, inasmuch as any supposed forfeiture of that sum under the so-called contract by failure to pay the second installment when due, fell with it, and because of the invalidity of the instrument in which it was contained." Thereafter the plaintiffs brought this action as for money had and received against defendant Smur to recover the $500 which they had paid to him on account of the adjudged void contract. Defendant sought to defeat the case by alleging and showing plaintiffs' default under the contract of sale, and that by the terms of said contract the $500 had been forfeited.

The cause was submitted to the court without a jury, and the following declared as the law of the case: "The title of the land described in the contract of sale set forth in defendant's answer having been in the wife of defendant when such contract was made, and her estate in said land being general and not her sole and separate estate, such contract of sale was void both as to her and her husband, and, therefore, constituted no consideration for the money paid by plaintiffs thereon, nor for the obligation of forfeiture of such $500 in the contract for default of plaintiffs, and, it further appear-

ing that such contract of sale has not been carried out by the defendant and his wife, the plaintiffs herein are entitled to recover back from defendant the $500 paid on such contract and sued for herein."

From a judgment in plaintiffs' favor for the $500 and interest, defendant has appealed.

The mere statement of this case readily suggests its decision. Through the instrumentality of a worthless and void contract for the sale and conveyance of his wife's real estate, defendant Smur has obtained $500 from these plaintiffs which in equity and good conscience he ought to return. Smur holds that sum of money which he got possession of by means of a void, non-enforceable contract—therefore, without consideration; and as said by the supreme court "plaintiffs have an undoubted right to recover this money in an action for money had and received." 101 Mo. 553.

Said real-estate contract was not only void and worthless as to Mrs. Smur, but as well invalid as to this defendant, her husband. It was as a blank piece of paper, worthless for any purpose. *Gwin v. Smur, supra; Craig v. Van Bebber,* 100 Mo. 585; *Brown v. Miller,* 46 Mo. App. Since, then, the Smurs were not bound on said so-called contract, neither were the plaintiffs. The matter then set up in the answer constitutes no defense. The plaintiffs' right to this money, thus held by defendant Smur, cannot be defeated by reason of any supposed stipulation in said nugatory instrument.

Neither was the subject-matter of this suit involved in the prior litigation, and hence the plea of former adjudication is without merit.

The judgment here is clearly for the right party and will be affirmed. All concur.