LUTHER COFFMAN, Appellant, v. W. H. WALTON, Respondent.

Kansas City Court of Appeals, May 30, 1892.

1. **Chattel Mortgages:** SALE BY MORTGAGOR WITH VERBAL CONSENT OF MORTGAGEE. Where the mortgagee verbally authorizes the mortgagor to sell the mortgaged property, the sale will convey the title against the mortgagee to a purchaser, notwithstanding the mortgagor might not perhaps have a defense, if prosecuted for selling mortgaged chattels without a statutory written consent of the mortgagee.

2. **Practice, Trial:** MOTION TO STRIKE OUT WAIVED. Motions to strike out are waived by failing to stand on them.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Samuel P. Sparks,* for appellant.

*Stone, Hoss & King,* with *R. T. Railey,* for respondent.

ELLISON, J.—This is an action of replevin, which being decided below for defendant on trial without a jury, plaintiff appeals.

One Darr gave to plaintiff a chattel mortgage on some cattle to secure a note of $730, Darr remaining in possession. Darr afterwards sold the cattle to defendant, and plaintiff instituted this action of replevin and depends upon his mortgage to sustain him. Defendant bought the cattle without actual knowledge of the mortgage; it was, however, duly recorded. Defendant's defense is that plaintiff authorized Darr, generally, to sell the cattle, and that after the sale was made to defendant he assented thereto, and the court so found. The point is made that the evidence in the cause did not justify this finding. After going over the evidence we discover the finding is supported, and we will not disturb the resulting judgment rendered by the circuit court, if such result is justified by the law. We believe it is so justified. And it makes no difference whether the purchaser knew of the mortgage or not. *Pratt v. Maynard,* 116 Mass. 388; *Stafford v. Whitcomb,* 8 Allen, 518; Jones on Chattel Mortgages, sec. 456.

Notwithstanding section 3570, Revised Statutes, 1889, making it a misdemeanor to sell mortgaged chattels without the written consent of the mortgagor and without informing the vendee of the mortgage, yet we have no doubt in such case, that a sale with the verbal

consent of the mortgagee will convey a good title. Jones on Chattel Mortgages, sec. 456; *Gage v. Whittier*, 17 N. H. 312, and authorities, *supra*. That statute stands for the protection of the mortgagee and purchaser by inflicting a punishment for an attempt to defraud them. It does not affect a title which may be conveyed by the mortgagor any more than it would be affected by the mortgage itself without the statute. So, if plaintiff, as mortgagee, verbally authorized the sale of the cattle the title will be freed from the mortgage in the hands of a purchaser, notwithstanding the mortgagor might not, perhaps, have a defense if prosecuted for selling mortgaged chattels without the statutory *written* consent of the mortgagee.

The court made its finding of facts and conclusion of law thereon separately, in substantial conformity to the case of *Nichols v. Carter*, 49 Mo. App. 365, and we find nothing in plaintiff's point in this respect.

We do not consider it necessary to notice plaintiff's points against the action of the court in overruling the different motions to strike out defendant's answer. Such points were waived by appellant since he refused or failed to stand on his motions.

Plaintiff complains of the refusal of his eighth, ninth and tenth instructions. There was no error in this. They either had no evidence upon which to base them, or the finding of facts disclosed that their refusal did not affect the result.

We have not set out in this opinion a statement of all the points as made by the divisions and subdivisions of plaintiff's brief, but it must not be understood from this that we have not given them consideration. We are satisfied with the trial of the cause, and affirm the judgment. All concur.