HENRY TOBENER, Appellant, v. WILLIAM MILLER *et al.*, Respondents.

Kansas City Court of Appeals, February 1, 1897.

Landlord and Tenant: SURRENDER OF LEASE: STATUTE OF FRAUDS. A verbal agreement for the surrender of a lease may not be enforced, but an executed parol agreement to surrender is operative as a surrender.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*F. L. Noyes*, for appellant.

(1) By section 5186, Revised Statutes, 1889, a lease for real estate for a term of one year or more must be in writing. And by section 5183, Revised Statutes, 1889, a lease can not be surrendered unless it be by deed or note in writing signed by the party surrendering the same or his agent. By section 6368, Revised Statutes, 1889, a tenant for a term of years can not assign or transfer his interest, or any part thereof, without the written assent of his landlord. (2) A written lease

can only be surrendered by a deed or writing signed by the proper parties. 2 Wood on Landlord and Tenant, sec. 435, p. 1153; 1 Woodfall's Landlord and Tenant [Am. Ed.], star page 297; *Baily v. Wells*, 8 Wis. 141; *Hesseltine v. Seaver*, 16 Me. 212; *Coe v. Hobby*, 72 N. Y. 141. (3) "Every assignment, grant, or surrender of any existing term in land * * * must be in writing." 8 Am. and Eng. Ency. of Law, p. 669, and cases cited. (4) "Where the term could not have been created, except by deed, it can not be surrendered except by deed." Wood on Landlord and Tenant, sec. 488. The lease in question was for a term of two years, and by 5186, Revised Statutes, 1889, such a lease must be in writing. (5) "It is essential to a surrender that there be an acceptance by the landlord." 12 Am. and Eng. Ency. of Law, 758, note 1; *Churchill v. Lammers*, 60 Mo. App. 244, *loc. cit.* 249; *Mitchell v. Blossom*, 24 Mo. App. 48; *Thomas v. Cox*, 6 Mo. 506; *Bacon v. Brown*, 9 Conn. 339; *Borroughs v. Clancey*, 53 Ill. 30.

*Teasdale, Ingraham & Cowherd* for respondents.

(1) There was a surrender in this case which ended the lease, and the lessee's liability thereon. *Churchill v. Lammers*, 60 Mo. App. 244; *Huling v. Roll*, 43 Mo. App. 234, and cases cited. (2) Plaintiff's conduct estopped him from recovering on the lease. *Churchill v. Lammers, supra; Huling v. Roll, supra.*

GILL, J.—This is an action for rent of a building in Kansas City. Defendant occupied the premises under the terms of a written lease by which he agreed to take the building for a period of two years, beginning February 5, 1894. Defendant moved out about October 5, 1894, paying rent to that date, and this suit is for rent subsequently accruing. The defense was that by the mutual agreement between the landlord

and tenant the lease was terminated or surrendered on October 5, 1894. At the trial in the circuit court defendant was successful and plaintiff appealed.

There is no merit in this appeal. Plaintiff's counsel concedes that there was substantial evidence tending to prove the surrender of the lease; that in pursuance of an oral agreement the property was, on the fifth of October, 1894, turned over to and accepted by the plaintiff, but contends that such parol surrender of a written lease was void under the statute of frauds. Section 5183, R. S. 1889.

LANDLORD and tenant: surrender of lease: statute of frauds.

The point is not well taken. While a verbal agreement *for* a surrender could not be enforced, yet when said agreement had been *acted upon* and *performed* there arose a surrender *by operation of law*, and plaintiff was thereafter estopped from claiming any longer under the lease; in other words, "an executed parol agreement to surrender is operative as a surrender." 2 Woods L. and T. [2 Ed.], secs. 494, 485; *Huling v. Roll*, 43 Mo. App. 234; *Churchill v. Lammers*, 60 Mo. App. 244, and authorities cited. Judgment affirmed. All concur.