## RICHARD I. LONGACRE, Appellant, v. STANLEY I. LONGACRE, Respondent.

**Kansas City Court of Appeals, June 8, 1908.**

1. **LANDLORD AND TENANT: Frauds and Perjuries: Possession.** An oral agreement to give possession of land is within the statute of frauds and a verbal agreement to terminate a tenancy comes within the statute.

2. ——: ——: **New Lease.** The facts relating to a settlement between a landlord and tenant with an agreement to give possession, is held not to be a new lease in lieu of the old one, but a mere verbal agreement to terminate a tenancy.

3. ——: ——: **Performance.** Where there was a settlement and an agreement by the tenant to surrender on the payment of a given sum which had not been paid, the agreement cannot be enforced, and if the payment had been made and the surrender of possession not have been made, the money may have been recovered or the performance may have operated as a surrender of the lease.

Appeal from Johnson Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*Walter L. Chancy* and *Jas. A. Kemper* for appellant.

(1) The facts create a tenancy from November 24, 1906, to January 1, 1907, a time certain, fixed and agreed upon. (2) In this case no notice to quit was necessary, the time for the termination being definite, certain and understood. Young v. Smith, 28 Mo. 65; Butts v. Fox, 96 Mo. App. 437; Mostin v. Wetsinger, 99 Mo. App. 613; Ray v. Blackman, 120 Mo. App. 497. (3) The last contract was a legal and valid one, being for less than a year, and was a different contract from the one under which defendant originally held possession. Hence it works a surrender of the old contract and a substitution of the new. 2 Wood's Landlord and Tenant (2 Ed.), sec. 490, p. 1162. (4) Upon defendant's theory, plaintiff is entitled to recover for the further reason that if there was a contract of tenancy between the plaintiff and the defendant, or, if the relations existed between them and there was a new contract made as the court has found, then there was a merger of the two tenancies, and an extermination of the former, even where the latter was of a shorter term than the former. 2 Wood's Landlord and Tenant (2 Ed.), sec. 502, p. 1188; 24 Cyc. of Law and Procedure, sec. 3, p. 1369; Enyeart v. Davis, 22 N. W. 449; Wade v. South, 32 S. E. 169; 24 Cyc. 1369, under note 68, authorities cited; Edwards v. Hale, 16 S. E. 487; Hart v. Pratt, 53 Pac. 711; Brown v. Carrns, 77 N. W. 478; Wade v. Oil Co., 32 S. E. 169; 8 Ballard Law of Real Property, sec. 419; Coc v. Hobby, 72 N. W. 145. (5) A contract to surrender a parol lease need not be in writing, if valid, for the reason that it comes within the exception of the Statute of Frauds, and that no more particularity is required in surrendering a lease than there is in making one. 8 Amer. and Eng. Ency.

132 App—13

of Law (1 Ed.), p. 669, note 4; South v. Devlin, 23 N. Y. 364. (6) The surrender of a tenancy by operation of law is a full and complete one, and each of the parties is bound thereby, even if it should be contrary to the intention of the parties. Hence, a surrender "by operation of law" need not be, and never is in writing. 8 Am. and Eng. Ency. of Law (1 Ed.), pp. 669, 670. (7) This contract is taken out of the Statute of Frauds by a full and complete performance thereof, by the lessor.

*D. T. Boisseau* and *M. D. Aber* for respondent.

(1) Upon the facts as found by the trial court, the judgment was right, and the only judgment which could have been rendered. R. S. 1899, sec. 3415; Tobener v. Miller, 68 Mo. App. 569; 8 Encyclopedia of Evidence, p. 76, and cases cited; Bailey v. Wells (Wis.), 76 Am. Dec. 233; 24 Cyc., p. 1367, and cases cited; Fish v. Thompson (Mich.), 88 N. W. 896. (2) The court finds that this tenancy began June 15, 1905, to last while the parties thereto should agree. This, therefore, was not an agreement to end at a time certain and could not be made so by a subsequent oral agreement. Smith v. Smith, 62 Mo. App. 596. (3) Under the finding of facts made by the court, there was no consideration paid by plaintiff for the oral agreement to surrender possession January 1, 1907. But even if there had been, it would not avail plaintiff. He must be presumed to know the law. Smith v. Smith Bros., 62 Mo. App. 602; Nichols v. Bank, 55 Mo. App. 91. (4) And if plaintiff had paid a consideration for the void agreement, his only remedy would be an action against defendant for money had and received. McDonald v. Lynch, 59 Mo. 350; Galway v. Shields, 66 Mo. 313; Fish v. Thompson (Mich.), 88 N. W. 896; Lamar v. McNamee (Md.), 32 Am. Dec. 152. (5) Even though the relation of landlord and tenant had not existed, still

plaintiff could not recover upon an oral promise to give possession. Boyd v. Paul, 125 Mo. 9; Davis v. Callahan, 66 Mo. App. 176.

BROADDUS, P. J.—This action is for unlawful detainer. The facts of the case as found by the court were as follows:

"In this case, the court finds the facts to be that, on or about June 15, 1905, plaintiff was the owner of the lands described in his complaint; that he was a widower; that defendant, his grandson, was living at Chapel Hill, in Lafayette county, with his wife and children; that on or about said time said plaintiff and defendant entered into an agreement whereby defendant was to move onto plaintiff's farm, with his family, and to occupy said farm thereafter as the tenant of plaintiff; that he was to pay as rental therefor all of the taxes assessed against said land, keep the farm and buildings in good repair, do all fencing necessary, and board and care for plaintiff and provide him with all needed clothing; that plaintiff was then about 78 years of age; and in return therefor defendant was to have the use of said farm as long as they should agree; that his arrangement continued, and plaintiff and defendant continued to live upon said premises thereunder until about November 24, 1906; that in October, 1906, differences having arisen between the parties, an agreement and contract was entered into between plaintiff and defendant, whereby they settled and adjusted all matters and accounts between them, and it was also agreed that defendant should surrender possession of said premises to plaintiff on January 1, 1907. The court further finds that said agreement as to the surrender of said farm was wholly oral, and that there was not at the time nor at any subsequent time any deed or note in writing of said agreement made, signed by either of the parties thereto, or the agent or agents

of them or either of them thereto lawfully authorized by writing. The court further finds the defendant did not give any possession at any time after the said agreement of November 24, 1906, but continued to occupy said premises, and still so continues." The judgment was for the defendant and plaintiff appealed. There being practically no dispute as to the facts the question for our consideration is only one of law.

The tenancy being one at will and no notice to quit having been shown the plaintiff relied on a verbal agreement to quit at a certain time. This was not sufficient. An oral agreement to give possession of land is within the Statute of Frauds. [Boyd v. Paul, 125 Mo. 9.] "The only way to terminate a tenancy from month to month is by giving written notice, and a verbal agreement that such a tenancy terminate at a certain time falls within the prohibition of the statute." [Smith v. Smith, 62 Mo. App. 596.] "A parol contract for the future delivery of the possession of lands is an interest in the land itself and within the Statute of Frauds." [Davis Bros. v. Callahan, 66 Mo. App. 168.]

The plaintiff's theory that the agreement made on the settlement in which the defendant agreed to deliver possession of the premises to the plaintiff on the 1st day of January, 1907, was the creation of a lease for a definite time. But this position is not tenable. It was not a new lease, but an agreement to surrender the existing possession at the time mentioned. We have examined the authorities cited by plaintiff to sustain their theory of his case, but they do not. For instance, it is said that: "If a lessee for twenty years takes a lease for ten years, to begin at a certain fixed period, the term for twenty years is surrendered or determined immediately; for by the lessee's acceptance of the new lease, he admits that the lessor is in a situation to lease to him, notwithstanding the existence of the other lease; and by such acceptance, the lessor has power to make

a new lease during the former." [2 Wood's Landlord and Tenant; sec. 490, p. 1162.] The reference is to contracts in writing therefore not obnoxious to the Statute of Frauds. But the difficulty about plaintiff's case is that the agreement did not create a new lease; it was merely an agreement to surrender possession held under a tenancy at will. His insistence that there was a new lease created is a mere assumption not justified by the finding of facts by the court.

And it is also contended that the contract is taken out of the Statute of Frauds by a performance on the part of the lessor, in that he paid $100 in consideration for the settlement and for possession on the 1st day of January, 1907. But the court did not find that plaintiff paid said sum on the settlement, and it is denied that he did pay it. But had he paid the amount stated he could have recovered back unless defendant had offered to comply and surrender possession. [McDonald v. Lynch, 59 Mo. 350; Galway v. Shields, 66 Mo. 313; Gwin v. Smurr, 101 Mo. 550.] But the agreement had not been performed and the case is not like that of Tobener v. Miller, 68 Mo. App. 569, where the tenant had verbally agreed to surrender the premises. The court said: "While a verbal agreement for a surrender could not be enforced, yet when said agreement had been acted upon and performed there arose a surrender by operation of law, and the plaintiff was thereafter estopped from claiming any longer under the lease; in other words an executed parol agreement to surrender is operative as a surrender."

The general principle stated in the beginning, that possession is an interest in the land itself and that a verbal agreement to surrender such possession is within the Statute of Frauds and not enforcible, controls.

The cause is affirmed. All concur.