F. A. Lorenz, Respondent, v. Charles A. Morney, et al., Appellants.*

Kansas City Court of Appeals. January 11, 1926.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 512, n. 91; p. 858, n. 3; Specific Performance, 36Cyc, p. 642, n. 89 New.

*W. V. Draffen, D. W. Shackelford* and *Montgomery, Rucker & Hayes* for respondent.

*W. G. Pendleton* and *R. D. Williams* for appellant.

ARNOLD, J.—This is an action for specific performance brought by one of the parties to a tripartite agreement.

The petition alleges that in April, 1920, plaintiff was the owner of a tract of seventy-seven acres of land in Cooper county, Missouri. which, at that time, he desired to sell; that defendant Morney was willing to purchase said land for $3500 if he could secure a loan for that amount upon said seventy-seven acres and an adjoining twenty acres which was already owned by Morney; that Morney applied to defendants Nixon & Brosius who were engaged in a loan business at Boonville, Mo., for the proposed loan; that plaintiff and defendants Morney, Nixon & Brosius entered into an agreement whereby plaintiff was to sell said seventy-seven acres to Morney for $3500 and Mor-

ney was to execute to Nixon & Brosius his promissory note for $2200, to be secured by a first deed of trust on the seventy-seven acres and the twenty-acre-tract above mentioned, for which Nixon & Brosius were to acknowledge payment of $700 which Morney owed them and were to pay Morney $1500 which Morney, in turn, was to pay plaintiff as part of the purchase price of the seventy-seven acres; Morney also was to execute to plaintiff his note in the sum of $2000, secured by a second deed of trust on both tracts, and said Nixon & Brosius were to take up his last-named $2000 note within the calendar year of 1920; that in accordance with said agreement plaintiff conveyed his seventy-seven-acre-tract to Morney who, as per agreement, executed his notes and deeds of trust in blank and left them with Nixon & Brosius to be filled out in accordance with the said agreement but that defendants Nixon & Brosius wrongfully and fraudulently filled in the blanks in a manner different from that agreed upon, in this, to-wit: That one note was filled in for $700, another for $2500, and one of the deeds of trust was filled in on the twenty-acre-tract to secure the said $700 note; that a deed of trust was filled in to secure the said $2500; that defendant Morney executed to plaintiff his note for $2000 secured by a second deed of trust on the seventy-seven-acre-tract, and that plaintiff recorded same without knowledge of the wrongful acts of defendants Nixon & Brosius relative thereto.

The petition pleads repeated demand for defendants Nixon & Brosius to take up the note as per agreement and alleges that no part of the principal or interest of said note has been paid; that the interest and principal of the $700 and $2500 first mortgage notes are due and unpaid, and that defendants Nixon & Brosius are threatening foreclosure on the deeds of trust securing the same; and that plaintiff was at all times ready and willing to indorse said $2000 note to Nixon & Brosius whenever they carried out their agreement. The petition prays an injunction restraining defendants Nixon & Brosius from foreclosing the aforementioned first deeds of trust, and asks that they be required specifically to perform their contract with plaintiff to take up said $2000 note, and for other proper relief.

The answer of defendant Morney admits all the allegations of the petition. The separate answer of defendants Nixon & Brosius is a general denial and an allegation that they do not own either the $700 or the $2500 note mentioned in the petition.

On motion of defendants Nixon & Brosius, plaintiff elected to go to trial upon that part of the petition asking specific performance of the alleged contract. Therefore that part of the petition asking for an injunction is eliminated from the case. A jury was waived and the case went to trial to the court, resulting in a judgment for plaintiff and against defendants Nixon & Brosius, directing specific performance on the part of said defendants of the contract alleged in the petition and fixing plaintiff's damages in the sum of $2108.

Motions for a new trial and in arrest of judgment, duly filed, were overruled and defendants Nixon & Brosius appeal.

We have carefully read the evidence of record and find that the evidence in behalf of plaintiff tends to support the allegations of the petition, including testimony of plaintiff and his wife and Morney and his wife. The evidence in behalf of defendants Nixon & Brosius, both of whom testified at the trial, is flatly contradictory of plaintiff's testimony as to the exact terms of the contract and agreement. Nixon testified that Morney was to pay $4000 for plaintiff's seventy-seven acres of land, $2000 in cash and $2000 by note secured by a second deed of trust, and that Nixon actually paid plaintiff this money by giving him credit for $2000 on a tract of land in Texas which Nixon had sold to him while Nixon was acting as agent for the Stewart Land Company of Kansas City. Nixon denied the testimony of plaintiff to the effect that he (Nixon) had fraudulently caused the notes and deeds of trust signed by Morney in blank to be filled in contrary to the tripartite agreement.

In support of the appeal, only two questions are raised, viz., (1) this being an action at law the facts were triable by a jury and there was no waiver of a jury as provided in section 1400, Revised Statutes 1919; and (2) that the alleged agreement or contract to take up the $2000 note given plaintiff and which was secured by the second deed of trust, was nothing more than a contract to purchase personal property of a value in excess of $30, and comes within the provisions of section 2170, Revised Statutes 1919, and there was no evidence to sustain a contract under the requirements of said section.

As to the first of these points, it is only necessary to refer to the abstract of the record, as furnished by defendants, where we find the following:

"Be it ever remembered, that heretofore, to-wit, on Monday, the 10th day of November, 1924, the same being one of the judicial days of the October adjourned term, 1924, of the circuit court of Cooper county, Missouri, held at the county court house in the City of Boonville in the county and State aforesaid, before the Hon. H. J. Westhues, the regular judge of said court, without the intervention of a jury, a jury having been waived by the parties hereto, the above-entitled cause came on for trial," etc.

This court, of course, must be guided by the record furnished, and, as the record shows a jury, in fact, was waived by the parties, this point is decided against appellants' contention.

Appellants charge the court erred in holding that the contract alleged in the petition was not in violation of the Statute of Frauds, and that said statute did not apply. As this charge of error goes directly to the judgment of record, it seems advisable, even at the risk of apparently lengthening this opinion unduly, to set out the judg-

ment, as follows: "The court . . . finds that the defendants Charles Nixon and Frank Brosius, by oral agreement with the plaintiff, without memorandum in writing, contracted and agreed that if plaintiff would convey certain lands to the defendant Charles A. Morney, and in part consideration for such conveyance should accept from said Charles A. Morney his promissory note for the sum of two thousand ($2000) dollars, secured by deed of trust on said land and other land then owned by said Charles A. Morney, subject to certain prior encumbrance, the said defendants, Charles Nixon and Frank Brosius would, within a year from the date of said agreement, purchase and take up said note from the plaintiff at its face value and accrued interest. The court further finds that, pursuant to said agreement, the plaintiff conveyed his said land to the defendant, Charles A. Morney, and accepted from him in part consideration for said conveyance the promissory note of said Charles A. Morney for the sum of two thousand ($2000) dollars dated May 20, 1920, due and payable to the order of the plaintiff five years after date, and bearing interest from its date at the rate of seven per cent per annum, to be compounded annually, secured by deed of trust on said lands. That no payment was made, or anything given in earnest to bind the bargain, by the defendants, Charles Nixon and Frank Brosius, or either of them, to the plaintiff on said oral agreement to purchase said note, nor has there been a delivery to nor acceptance by them of said note, but tender thereof by the plaintiff to them was made within a year from the date of said agreement and demand made of them by plaintiff to consummate said purchase. The court further finds that the plaintiff has received the sum of four hundred sixty-seven ($467) dollars, paid to him on June 8, 1921, by the defendants, Charles Nixon and Frank Brosius, as money due the plaintiff from the defendant Charles A. Morney as part of the consideration for said conveyance, but the court further finds that said sum of four hundred sixty-seven ($467) dollars was an overcharge against the defendant Charles A. Morney in the settlement of the contract of the purchase by him of said land, and was a payment to the plaintiff to the use of the defendant, Charles A. Morney.

"The court further finds that the plaintiff has fully performed his agreement for the sale of said two thousand ($2000) dollar note to the defendants, Charles Nixon and Frank Brosius, but that they have breached their said contract with the plaintiff to purchase the same, and that the plaintiff is entitled to specific performance of said contract.

"Wherefore it is by the court considered and adjudged that the defendant, Charles A. Morney, have a credit on said two thousand ($2000) dollar note for the sum of four hundred sixty-seven ($467) dollars as of date June 8, 1921, and that the plaintiff holds said note, subject to said credit, in trust for the defendants, Charles Nixon

and Frank Brosius, and to be by him delivered to them, indorsed without recourse, upon payment of the balance due thereon at this date which the court finds is the sum of two thousand one hundred eight ($2108) dollars, together with the costs of this suit, and that execution issue therefor.''

It is urged by appellants that, as the trial court in its finding of facts, found there was no written memorandum of agreement, the court should have held for appellants, upon the ground that the. agreement, or contract, alleged in the' petition was within the Statute of Frauds, and this is assigned as reversible error. Upon this charge of error, appellants build their argument in support of this appeal.

It is insisted that, inasmuch as plaintiff elected to proceed upon the allegation in the petition charging failure on the part of appellants to take up the $2000 note held by plaintiff, thus eliminating the action for injunction, that the remaining charge was thereby rendered merely an action on a contract to purchase personal property of value in excess of $30, which would bring it within the provisions of the Statute of Frauds. This statute was pleaded in the general denial, and in the trial of the cause, counsel for appellants by proper objection clearly indicated that as an element of defense, this statute was being invoked.

In discussing this point, it is well to remember that the contract, or agreement, relative to the sale of the land was tripartite, plaintiff being one of the parties thereto, the purchaser Morney another, and appellants the third. As shown by the evidence, each of the parties to the alleged agreement undertook to do certain acts, constituting a complete whole. These mutual promises were the consideration entering into the contract, and any failure of performance would breach the contract. Obviously this was the view entertained by the trial court.

There was substantial evidence on behalf of plaintiff that, as a constituent part of this tripartite agreement, appellants were to take up the note in question, and this they refused and neglected to do. The weakness of appellants' position is that they undertake to isolate from the tripartite agreement this one constituent element of the alleged agreed purchase of the note. The citations of appellant are in support of this untenable position. As we construe the pleadings, even after the cause of action for injunctive relief is eliminated, the action is not one on a promise to purchase the note in question, but is an action in damages for breach of that part of the contract to pay the part of the purchase price of the land sold, as evidenced by the $2000 note. This view finds support in the cases of Gwin v. Smur, 49 Mo. App. 361; Bank v. Lyons, 220 Mo. 538; Richardson v. Drug Co., 92 Mo. App. 515, 520.

The testimony shows that the covenants in the tripartite contract, on the part of plaintiff and Morney were performed, as were those of

appellants, excepting that of taking up the $2000 note. This being true, we hold that the Statute of Frauds does not apply.

True, the testimony of appellants is flatly contradictory of that of plaintiff and Morney, but it was for the jury to say which testimony was to be believed, and not for this court to determine. We fail to find any reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 707, n. 11; Money Received, 41CJ, p. 50, n. 8; p. 69, n. 96; p. 73, n. 28.